**Alejandro NOBOA and Martha Noboa, individually and as executors of the Estate of Vanessa Noboa, Plaintiffs–Appellants,**

v.

**BARCELÓ CORPORACIÓN EMPRE-SARIAL, SA, and Rancho Carisuva S de RL de CV, Defendants–Appellees.**

No. 15–2001.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 19, 2016.

Decided Feb. 4, 2016.

Ross S. Carponelli, Attorney, Carponelli & Buttitta, LLC, Barrington, IL, for Plaintiffs–Appellants.

Cinthia Granados Motley, Attorney, Sedgwick LLP, John W. Patton, Jr., Attorney, Patton & Ryan, Chicago, IL, for Defendants–Appellees.

Before EASTERBROOK, ROVNER, and SYKES, Circuit Judges.

EASTERBROOK, Circuit Judge.

While living in Illinois, Vanessa Noboa used the Orbitz website to book and pay for a stay at the Barceló Los Cabos Palace Deluxe in Mexico. After arriving at the hotel, Noboa signed up in its lobby for an ecotour operated by Rancho Carisuva away from the hotel's premises. During that tour, the all-terrain vehicle that Noboa was riding overturned, and she died from her injuries. This suit, under the international diversity jurisdiction of 28 U.S.C. § 1332(a)(2), seeks damages from Rancho Carisuva plus Barceló Corporación Empresarial, a Spanish corporation. The complaint alleges that Barceló owned and operated the hotel; Barceló denies this and maintains that it has no ownership interest, direct or indirect, in the Barceló Los Cabos Palace Deluxe (now known as Hyatt Ziva Los Cabos). The district court did not decide whether Barceló Corporación Empresarial has any connection to the hotel Noboa booked—or whether either defendant is culpable in her death—because it concluded that neither defendant is subject to personal jurisdiction in Illinois.

Neither defendant conducts business in Illinois, and the executors of Noboa's estate (the plaintiffs in this suit) concede that neither defendant is subject to the state's general jurisdiction. (In diversity suits, state law provides the basis of personal jurisdiction, and Illinois exercises jurisdiction to the limit set by the Due Process Clauses of the Constitution. See 735 ILCS 5/2–209(c).) So, plaintiffs rely on specific jurisdiction. See *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011) (discussing the difference between general and specific jurisdiction). They say that Noboa's death is connected to Illinois through a causal chain beginning with the use of Orbitz's website. Having booked and paid from a computer in Illinois, Noboa went to Los Cabos, took an offer extended by a different business, had an accident, and died. That causal chain suffices for personal jurisdiction in Illinois, plaintiffs insist, even though Rancho Carisuva has no connection at all with Illinois. The district court was not persuaded; neither are we.

*Walden v. Fiore,* —— U.S. ——, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014), shows that the pertinent question is whether the defendant has links to the jurisdiction in which the suit was filed, not whether the plaintiff has such links—or whether the loss flowed through a causal chain from the plaintiff's contacts with the jurisdiction of suit. Only intentional contacts by the defendant with the forum jurisdiction can support specific jurisdiction. Plaintiffs' complaint does not allege that Rancho Carisuva, the supposedly culpable party, had any accident-related contacts with Illinois. Instead plaintiffs rely on *Noboa's* contacts with Illinois, and then with Orbitz, which had a contract with Barceló (or one of its subsidiaries or licensees), which led her to a hotel lobby in Baja California, where she met a representative of Rancho Carisuva, which provided defective equipment (or deficient supervision) on a motorized tour. Such contacts are even more attenuated than those deemed insufficient in *Walden,* in which the Court held that Nevada could not exercise jurisdiction over a claim by one of its citizens that a resident of Georgia should have known that his activity in Georgia would injure the Nevadan.

Only two months ago, in *OBB Personenverkehr AG v. Sachs*, —— U.S. ——, 136 S.Ct. 390, 193 L.Ed.2d 269 (2015), the Supreme Court dealt with a chain-of-causation theory similar to plaintiffs'. Carol Sachs, while living in California, used the Internet to purchase a Eurail Pass from a travel agent in Massachusetts. While using that pass in Austria, Sachs fell to the tracks and was injured. She sued OBB Personenverkehr, the Austrian railway, in California. But the Supreme Court observed that the asserted tort had been committed by an Austrian business in Austria and had no connection to California. That Sachs, and the sale of the Eurail Pass, had California contacts did not imply that the railroad did business or committed torts in California, so California could not assert jurisdiction over the railroad. Noboa's claim has an even longer causal chain; it is equivalent to Sachs attempting to sue, in California, someone who caused her food poisoning on board the train in Austria.

Plaintiffs contend that *OBB Personenverkehr* is distinguishable because that railroad is a state-owned business, which brings the Foreign Sovereign Immunities Act to the fore. Suits against businesses owned by foreign nations are proper only if the enterprise has engaged in commercial activity in the United States. 28 U.S.C. § 1605(a)(2). The Court held that OBB Personenverkehr had not carried on commercial activity in the United States. The exercise of personal jurisdiction under the specific-jurisdiction approach does not necessarily turn on the existence of commercial activity in the United States. But the reason the Court gave for holding that OBB Personenverkehr had not engaged in "commercial activity" in the United States is that it had not engaged in *any* activity in the United States. A travel agent's sale of the Eurail Pass was activity by the travel agent, not by the foreign railroad.

Just so with plaintiffs' suit: The activity on which personal jurisdiction is said to rest is activity by Noboa and Orbitz, not by Barceló—and not even allegedly by Rancho Carisuva, which Noboa had never heard of until she was in Mexico. Combine the rationale of *OBB Personenverkehr* with the legal standard of *Walden*, and the argument for personal jurisdiction in Illinois evaporates.

This makes it unnecessary for us to consider Barceló's contention that it is at most a parent of a Mexican hotel operator. Cf. *Daimler AG v. Bauman*, —— U.S. ——, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014) (no jurisdiction in the U.S. to entertain a suit based on activities of a foreign corporation that is a parent, subsidiary, or affiliate of a U.S. firm subject to general jurisdiction here). Plaintiffs can sue in Mexico, and maybe in Spain, but Illinois is not an available forum.

AFFIRMED